Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 98.242.52.89,<br><br>　　　　　　　Defendant. | Case Number: 2:21-cv-01165-TLN-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Strike 3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and Authorities in Support of its Unopposed Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.

**I.　FACTS**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award-winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a

1

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

very large scale.  Indeed, Strike 3's works are among the most infringed content in the world.  *See* Declaration of David Williamson ("Williamson Decl."), attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content.  *See id.* at ¶ 40.  VXN discovered that Defendant's IP address was illegally distributing a large number of Strike 3's motion pictures.  *See* Declaration of Patrick Paige, attached hereto as Exhibit "B."  This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with the subscriber's identity.  *Id*. at ¶ 22.  To investigate the infringement, Plaintiff needs the subscriber's identity, which is maintained by the ISP, but the ISP cannot disclose that information unless authorized to do so by a court order.  *See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure[.]").

To reduce the burden on the federal courts, Strike 3 initially requested a pure bill of discovery in Florida state court to uncover the name and address of the subscriber.  *See Strike 3 Holdings, LLC v. Unknown Infringers Identified on Exhibit "1"*, No. 2020-014520-CC-05 (Fla. Miami-Dade County Ct. Jul. 8, 2020).  While that court granted Strike 3's motion, Defendant filed a motion to quash on, *inter alia*, jurisdictional grounds.  Strike 3 dropped Defendant from its bill and filed a Complaint for copyright infringement with this Court instead.  *Compl.* at ¶ 6.[1]  As a result of this posture, unlike Strike 3's usual litigation, although Doe's identity remains unknown, Doe is represented by counsel.  Declaration of Lincoln D. Bandlow, attached hereto as Exhibit "D."  After multiple conferrals with Doe's counsel, Doe indicated that he would not join in a stipulation to allow early discovery, *see* E.D. Cal. L.R. 251, but that Doe would not oppose an application for early discovery (and would not later move to quash the subpoena).

---

[1] Defendant's request for attorneys' fees was denied in that case, and Strike 3's motion for sanctions remains pending.

2

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable (Comcast Cable), so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service.

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II. ARGUMENT

### A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant

As courts have long recognized, litigations such as this one are "precisely the type of case for which expedited jurisdictional discovery is often appropriate, because plaintiff is ignorant of . . . the identity" of a Doe Defendant. *808 Holdings LLC v. Collective of Jan. 3, 2012 Sharing Hash*, No. CV 12-2251-CAS (EX), 2012 WL 13012725, at *5 (C.D. Cal. Oct. 1, 2012) (citation omitted). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020). "Rule 26(d) states that '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." *Strike 3 Holdings, LLC v. Doe*, No. 18-01677 (MCE)(GGH), 2018 WL 3546646, at *1 (E.D. Cal. July 24, 2018).

"Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *QOTD Film Inv. Ltd. v. Doe*, No. CV 16-00759-LAB (JLB), 2016 WL

3

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

1324424, at *1 (S.D. Cal. Apr. 5, 2016) (quoting *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002)).

> District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court. Second, the plaintiff must describe all previous steps taken to locate the elusive defendant to ensure that plaintiff has made a good faith effort to identify the defendant. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss.

*Strike 3 Holdings*, No. CV 17-2317 (JAH)(BLM), 2017 WL 6389848, at *2 (internal quotations and citations omitted).[2]

### B. There Is Good Cause for this Court to Grant Plaintiff's Application for Leave to Serve Its Subpoena

#### 1. Strike 3 Identifies Doe Defendant with Sufficient Specificity

When evaluating an application for leave to take early discovery "the Court examines whether the plaintiff has identified the defendants with sufficient specificity, demonstrating that each defendant is a real person or entity who would be subject to the Court's jurisdiction." *Distinct Media Ltd. v. Doe Defendants 1-50*, No. CV 15-03312 (NC), 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015) (citation omitted).  This factor implies two inquiries: whether the

---

[2] The United States Court of Appeals for the District of Columbia Circuit reversed a decision that denied Plaintiff leave to conduct similar expedited discovery as an abuse of discretion—for several reasons—and in so doing noted that the "good cause" requirement in Rule 26(b) was eliminated by amendment in 2015, which replaced it "with the overarching relevance and proportionality standard[.]" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020).  The D.C. Circuit nevertheless concluded that the district court's decision "was an abuse of discretion under any applicable standard," and, therefore, did not reach whether the "good cause" standard "continues to apply under the current version of Rule 26." *Id.*  As other courts have recognized, the information sought by the requested subpoena is "clearly" relevant and proportional to the needs of these cases. *See Strike 3 Holdings, LLC v. Doe*, No. 18-2648, 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-02637 (MCE)(CKD), 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019).  While this information is clearly discoverable under Rule 26, *Arista*'s "good cause" factors remain useful as an aid to confirm what "[c]ommon sense dictates," namely, that this limited "discovery should be provided in an expedited fashion." *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *8 (D.N.J. June 30, 2020).

4

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

infringement can be traced back to an actual person and whether this Court has personal jurisdiction over that individual.

First, "[a] plaintiff may show that a defendant is a real person or entity by providing evidence of 'specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process.'" *Id.* (quoting *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. CV 14-02069 (LB), 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014)). Although the BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction. That is, but for the Defendant directing his or her BitTorrent client to download the .torrent file, the alleged infringement would not have occurred.

Second, although Strike 3 usually geolocates the offending IP address using Maxmind, *see*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2317 (JAH)(BLM), 2017 WL 6389848, at *2 (S.D. Cal. Dec. 14, 2017), the unique posture of this case provides Strike 3 with direct evidence: a redacted affidavit from Doe. Doe states that she resides in Sacramento County. *See* Decl. Bandlow, at ¶ 10. Both locations are within the Court's jurisdiction.

### 2. *Strike 3 Has Identified All Previous Steps Taken to Locate the Unknown Doe Defendant*

"Next, Plaintiff must identify all previous steps taken to identify the Doe Defendant in a good faith effort to locate and serve it." *Malibu Media, LLC v. Doe*, No. CV 16-1916 (GPC)(JMA), 2016 WL 6216183 at *2 (citing *Columbia Ins.*, 185 F.R.D. at 579). Here, Strike 3 attempted to ascertain Defendant's identity in Florida state court by requesting a permission to issue a subpoena on Defendant's ISP pursuant to a pure bill of discovery. However, when Defendant objected and asserted that he preferred that this request for a subpoena be litigated in the federal court of his or her domicile, Plaintiff agreed to file the instant action. But regardless of whether the subpoena is authorized by a court in Florida, or this Court, the fact remains: a

5

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

subpoena to the ISP is the only method available for Plaintiff to learn Defendant's identity.[3] Thus, Strike 3 has exhausted all other alternatives for identifying Defendant.

### 3. *Strike 3's Complaint Could Withstand a Motion to Dismiss*

Finally, Strike's Complaint could and would withstand a motion to dismiss. As this is an action for copyright infringement, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). *See Strike 3 Holdings, LLC v. Doe*, No. CV 17-02316 (GPC)(KSC), 2018 WL 324264, at *3 (S.D. Cal. Jan. 5, 2018) (finding "the Complaint correctly alleges subject matter jurisdiction pursuant to Title 28"). This Court also has personal jurisdiction over Defendant resides within Sacramento County. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c) as well as 28 U.S.C. § 1400(a) (venue for copyright cases). Lastly, "[t]o survive a motion to dismiss [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Strike 3's Complaint would and does survive such a motion.

To make a *prima facie* claim for copyright infringement, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citing *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir.

---

[3] Strike 3 conferred with Doe's counsel over a few months in an effort to produce Doe's name and address privately, subject to the exact privacy and other protections outlined in this Court's usual order, but Defendant's counsel declined to have this information provided pursuant to a stipulation, but simply indicated that Doe would not oppose an application for such information and would not move to quash such a subpoena. *See generally* Decl. Bandlow, at ¶¶ 5–19.

6

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

2013)). Strike 3's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See Compl.* at ¶¶ 50–52.

Strike 3 owns a valid copyright in the Works, which are registered with the United States Copyright Office. *See id.* at ¶¶ 44, 47; *see also* 17 U.S.C. § 410(c); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888, 203 L. Ed. 2d 147 (2019). Strike 3's *prima facie* allegations of infringement are attested to by Strike 3's Chief Technology Officer, David Williamson, and consultant, Patrick Paige. Finally, each digital file has been verified to be a copy of one of Strike 3's copyrighted works. *See* concurrently-filed Declaration of Susan B. Stalzer.

Strike 3 has also made a plausible *prima facie* showing of "copying." Strike 3's Complaint alleges that Doe Defendant not only downloaded Strike 3's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also Compl.* at ¶ 45. Additionally, by downloading the torrent files, Defendant triggered a cascade of technical operations, making Defendant the "proximate cause" of all of the violations of Strike 3's copyrights. *Giganews, Inc.*, 847 F.3d at 666.

While it is possible that the subscriber to the IP address is not necessarily the infringer, *see Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), that is of no moment at this posture. "At this point in the litigation, plaintiff has made an adequate showing of the need to subpoena [D]efendant's ISP and nothing in *Cobbler Nevada* prevents such targeted discovery prior to a Rule 26(f) conference." *Strike 3 Holdings, LLC v. Doe*, No. 18-02637 (MCE)(CKD), 2019 WL 935390, at *5 (E.D. Cal. Feb. 26, 2019). Indeed, Doe's anonymous affidavit claiming to not be the infringer does not change that conclusion. "To the extent that defendant alleges factual innocence, such a consideration is premature and may be raised in a motion to dismiss.

7

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK

The whole purpose of the targeted discovery here is to allow plaintiff to determine whether it can obtain the identity of the proper defendant." *Id.*; *Strike 3 Holdings, LLC v. Doe*, No. 20-01989 (TLN)(CKD), 2021 WL 859506, at *2 (E.D. Cal. Mar. 8, 2021) ("While this defense may prove to be true, courts in this and other circuits have consistently rejected the argument that a defendant's status as a registered subscriber of an IP address associated with infringing activity is insufficient to support discovery of the subscriber's identity where others could have used the IP address.") (collecting cases). "Plaintiff needs the subscriber information to conduct a good faith investigation," and determine who the infringer is, whether that individual is the subscriber or someone else with access to the IP address." *Strike 3 Holdings, LLC v. Doe*, No. 18-04993 (KAW), 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019).

As a result, Strike 3 has made a *prima facie* case against Defendant and thus demonstrated good cause for leave to take early discovery. *See Criminal Prods., Inc. v. Doe*, No. CV 16-02353 (DMS)(MDD), 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016) (accepting a similar prima facie case as satisfying this factor).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP and issue an Order that is the same or similar to the orders this Court has granted numerous times in these actions.

Date: September 27, 2021

LAW OFFICES OF LINCOLN BANDLOW, PC

By: _____
Lincoln Bandlow, Esq.
LAW OFFICES OF LINCOLN BANDLOW, PC
*Attorney for Plaintiff*
Strike 3 Holdings, LLC

8

Memorandum of Points and Authorities in Support of Unopposed Application for
Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-06815-SVK