Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel.: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 98.242.52.89,<br><br>　　　　　　Defendant. | Case No.: 2:21-01165-TLN-CKD<br><br>Judge Carolyn K. Delaney<br><br>**PLAINTIFF'S APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT** |

　　　Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), makes this application for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

　　　1.　　This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

1

Plaintiff's Application for Extension of Time
Within Which to Effectuate Service on John Doe Defendant
Case No.2:21-cv-01165-TLN-CKD

2. On June 30, 2021, Plaintiff filed suit against Defendant, asserting claims of copyright infringement, pursuant to 17 U.S.C. § 101, *et seq.* [CM/ECF 1].

3. Unlike Strike 3's usual cases where Doe is unknown *and* unrepresented, here, Plaintiff originally filed a pure bill of discovery in Florida state court to obtain a court order authorizing Strike 3 to issue a subpoena on Doe's ISP. LDB Decl., at ¶ 4.

4. That court entered an order authorizing the subpoena, but Doe, through counsel, objected to the subpoena on, *inter alia*, jurisdictional grounds. LDB Decl., at ¶¶ 5–6.

5. Thus, rather than file its application for early discovery *ex parte*, Strike 3 met and conferred with Doe's counsel to resolve the discovery dispute without seeking the Court's intervention. LDB Decl., at ¶ 8; *see* E.D. Cal. L.R. 251(b).

6. After months of conferring, *see* [CM/ECF 8-2, at ¶¶ 5–19] (detailing contents of those conferrals), on September 24, counsel for Doe determined that he would not disclose Doe's identity voluntarily but, rather, Plaintiff could file its application and Doe agreed not to oppose it or move to quash. LDB Decl., at ¶ 9.

7. Accordingly, Strike 3 filed its Unopposed Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference on September 27, 2021. [CM/ECF 8].

8. The Court has not yet ruled on that Application.

9. Pursuant to Fed. R. Civ. P. Rule 4(m), in this case Plaintiff must effectuate service on the Defendant by no later than September 28, 2021. Because Plaintiff does not know the subscriber's identity, Plaintiff is currently unable to comply with the current service deadline.

2

Plaintiff's Application for Extension of Time
Within Which to Effectuate Service on John Doe Defendant
Case No.2:21-cv-01165-TLN-CKD

10. Upon receipt of the ISP response, Plaintiff will conduct a further investigation to assist in determining whether the individual identified by the ISP is the appropriate defendant for this action. Further, Plaintiff will need time to confer with Defendant regarding the scheduling of an informal conference as required by this Court's Order and, if the Defendant wishes to do so, schedule and conduct that conference with the Court. Finally, if Plaintiff proceeds with amending the complaint, which identifies the Defendant by name and provides other information that identifies the Defendant, it is virtually certain[1] that Plaintiff would first file on the public docket a version of the amended complaint that redacts such identifying information. Plaintiff would then seek a Court order allowing it to file under seal an unredacted version of its amended complaint and summons which includes Defendant's identity which Plaintiff would need to formally serve the Defendant. LDB Decl., at ¶ 10.

11. Accordingly, Plaintiff respectfully requests that the time within which it has to effect service of the summons and Complaint on Defendant be extended by sixty (60) days, and thus the deadline to effect service be extended to November 27, 2021. This extension should provide Plaintiff time to receive the ISP response, conduct a further investigation to determine whether the individual identified by the ISP is the appropriate defendant for this action, confer with Defendant regarding the scheduling of an informal conference, schedule and conduct that informal conference with the Court and to obtain a Court order permitting Plaintiff to seal an unredacted version of its complaint and summons to use to formally serve Defendant.

---

[1] Defendants in these actions typically request that they be allowed to proceed in these matters without being identified on the public record, it appears the Defendant will do so in this action, and Plaintiff has a policy of stipulating to such requests. LDB Decl., at ¶ 10.

3

Plaintiff's Application for Extension of Time
Within Which to Effectuate Service on John Doe Defendant
Case No.2:21-cv-01165-TLN-CKD

12. This application is made in good faith and not for the purpose of undue delay.

13. This is Plaintiff's first request for an extension.

14. None of the parties will be prejudiced by the granting of this extension. Defendant's counsel has indicated that Defendant does not oppose this request.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Amended Complaint on Defendant be extended up to and including November 27, 2021. A proposed order is attached for the Court's convenience.

Dated:  September 28, 2021          Respectfully submitted,

By: /s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
**Law Offices of Lincoln Bandlow, PC**
Attorney for Plaintiff
Strike 3 Holdings, LLC

4

Plaintiff's Application for Extension of Time
Within Which to Effectuate Service on John Doe Defendant
Case No.2:21-cv-01165-TLN-CKD