Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel.: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No.: 2:21-cv-01165-TLN-CKD |
| Plaintiff, | Judge Troy L. Nunley |
| vs. | **PLAINTIFF'S STATUS REPORT** |
| JOHN DOE subscriber assigned IP address 98.242.52.89, | |
| Defendant. | |

Pursuant to this Court's Order dated September 29, 2021, Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), submits the instant status report:

1. As the Court is aware, this is a copyright infringement case that was initiated against a John Doe Defendant ("Doe") originally known to Plaintiff only by an IP address. Plaintiff initially sought to determine Doe's identity by utilizing a state court procedure in Florida. In that action, Doe was represented by Paul Levy, Esq. and Doe objected, *inter alia*, on the grounds that the action is more properly litigated in the federal court of Doe's domicile. Plaintiff agreed to bring this suit here (without conceding Doe's objection).

2. Plaintiff filed this action on June 30, 2021. As the Court is aware, in most of the matters filed by Plaintiff, Plaintiff is not only unaware of the identity of the defendant, but also whether they do (or will) have any counsel and, thus, only the Internet Service Provider ("ISP") can provide the defendant's name and address. In this case, however, Plaintiff was aware that Doe had counsel from the Florida action. Thus, to avoid unnecessary application practice before this Court, on July 14, 2021, counsel for Plaintiff sent a letter to Doe's Florida counsel, Mr. Levy, proposing that Doe stipulate to the issuance of a subpoena to the ISP and a protective order to allow Doe to remain pseudonymous throughout the litigation. Alternatively, Plaintiff suggested that the parties enter into a confidentiality agreement (again, to allow Doe to remain pseudonymous throughout the litigation) and that Doe allow Plaintiff to indicate in an application to serve the subpoena on the ISP that Doe does not oppose the application.

3. Plaintiff's counsel's July 14, 2021 communication with Mr. Levy resulted in a long back-and-forth between counsel for Plaintiff and Mr. Levy—acting as counsel for the Doe in this matter—about the propriety of the subpoena to the ISP. In addition, Mr. Levy indicated on July 16, 2021 that his local

California counsel, Phil Malone, Esq. (Mr. Levy is not licensed to practice in California), and he were going on extended vacations and could not address this matter until September.  As a courtesy to counsel and their vacation schedules, Plaintiff held off resolving the issue of subpoenaing the ISP until September.

4. On September 17, 2021, Mr. Levy—acting as counsel for Doe in this matter—indicated that his client would not oppose Plaintiff's application to be allowed early discovery to subpoena the ISP.  That application was filed on September 27, 2021 and granted by the Court on September 29, 2021 ("Order) [CM/ECF 10].  Among other things, this Order instructed that once plaintiff obtained the identity of the person or entity associated with the subject IP address, Plaintiff must serve a copy of the Order on that person or entity. *Id*.

5. On October 6, 2021, Plaintiff issued its subpoena to the ISP.  On October 18, 2021, the ISP contacted Plaintiff's counsel by email and requested that Plaintiff agree to an extension until November 11, 2021 to produce a response to the subpoena, which Plaintiff's counsel granted.

6. On November 10, 2021, the ISP produced the subscriber's identity to Plaintiff.

7. After receiving the ISP's subpoena response, Plaintiff conducted a further investigation and determined that the individual identified by the ISP is the appropriate defendant for this action and now wishes to proceed against that individual.

8. On November 24, 2021, counsel for Plaintiff sent an email to Mr. Levy and Mr. Malone, who Mr. Levy has indicated would be Doe's local counsel in this matter, stating that Plaintiff wished to proceed with this matter and inquired whether Doe and his counsel, would like to take part in the informal conference procedure as outlined by the Court's Order.

9.  On November 29, 2021, Mr. Levy responded that it was his position that his client, Doe, needed to first be formally served with the Order before such a conference could take place.

10. On November 29, 2021, Plaintiff's counsel responded that it was clear that Doe had a copy of this Order because Mr. Levy had a copy and Mr. Levy was Doe's counsel. Plaintiff's counsel also attached a copy of the Order to that email. Plaintiff's counsel again asked Mr. Levy if he wanted to take part in the informal conference with the Court.

11. On December 7, 2021, Mr. Levy sent an email to Plaintiff's counsel stating "I have not yet entered an appearance for Doe, and although you have been communicating with me about the proceeding, strictly speaking I have not received authority from Doe to accept service on Doe's behalf."

12. On December 17, 2021, Plaintiff's counsel wrote to Mr. Levy and Mr. Malone, again asking if they would like to take part in the informal conference and indicated that, in light of their representation of Doe, Plaintiff's counsel was uncomfortable with having a direct communication with Doe by sending him a copy of the Order.

13. On December 19, 2021, Mr. Levy responded by email, rejecting the informal conference, but indicating that his client would like to remain pseudonymous throughout the litigation.

14. Accordingly, Plaintiff respectfully requests that the Court enter an order allowing Plaintiff to file redacted versions (redacting Doe's name and identifying information) of its First Amended Complaint, Summons and Return of Service on the public docket and unredacted versions of these documents under seal. In addition, the Court should amend its Order to allow Plaintiff to formally serve Doe with the Summons and First Amended Complaint in this action.

15. In the alternative, if the Court finds it appropriate, Plaintiff remains willing to participate in the informal conference provided by Court's prior Order to discuss further proceedings in this matter.

16. Plaintiff thanks the Court for its assistance in this matter.

Dated:  December 29, 2021              Respectfully submitted,

By: /s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
**Law Offices of Lincoln Bandlow, PC**
Attorney for Plaintiff
Strike 3 Holdings, LLC